UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT TURNER,

    Plaintiff,

v.

FRED FOULK, et al.,

    Defendants.

Case No. 13-cv-05718-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petition is denied.

1. As fully explained by the California Court of Appeal on direct review, the evidence was sufficient to support Vincent Turner's convictions on the forcible rape counts and the forcible oral copulation count. Therefore, by definition, the California courts did not unreasonably apply the deferential standard for assessing sufficiency of the evidence set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012).[1]

2. The California courts' rejection, on habeas review, of Turner's claim for ineffective assistance of counsel was not unreasonable. *See generally Harrington v. Richter*, 562 U.S. 86 (2011). Given the testimony that: (1) Doe 2 had reported having sexual intercourse with her boyfriend 48 hours prior to the alleged rape; and (2) Turner wore a condom during his sexual intercourse with Doe 2, the DNA test results that matched Doe 2's boyfriend and did not match Turner as a sperm contributor were of limited exculpatory value. Moreover, Doe 1's testimony tended to corroborate Doe 2's testimony that she and Turner had engaged in sexual intercourse.

---

[1] "Although the California Court of Appeal decision does not cite to the relevant federal case law in reaching its decision regarding sufficiency of the evidence, such a citation is not required so long as neither the reasoning nor the result of the state-court decision contradicts Supreme Court precedent. Accordingly, the question . . . remains whether the state court in substance made an objectively unreasonable application of the *Winship* and *Jackson* standards for sufficiency of the evidence." *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005) (citation and internal quotation marks omitted).

As a result, a reasonable jurist could conclude that defense counsel made a reasonable strategic decision not to question whether the sexual intercourse and oral copulation occurred, but to instead argue that the sexual contact was not accomplished by force or duress.  And therefore a reasonable jurist could conclude that counsel's decision not to present the DNA evidence fell "within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  What's more, given that the DNA evidence did little to contradict Doe 2's account, a reasonable jurist could conclude that it was not reasonably likely that the outcome would have been different had defense counsel presented the DNA evidence.  *See id.* at 695; *see also Harrington*, 562 U.S. at 112.

**IT IS SO ORDERED.**

Dated:  July 27, 2015

VINCE CHHABRIA
United States District Judge

2